# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**KENNETH RAY POWELL**                                                                 **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 3:23-cv-2985-TSL-MTP**

**WORLDWIDE TRUCKS, LLC**                                                              **DEFENDANT**

## ORDER

THIS MATTER is before the Court on Defendant Worldwide Trucks, LLC's Motion to Strike [59]. Having considered the parties' submissions, the record, and the applicable law, the Court finds that the Motion [59] should be GRANTED in part and DENIED in part.

## BACKGROUND

In this action, Plaintiff Kenneth Powell asserts a claim for breach of implied warranty of merchantability against Defendant Worldwide Trucks, LLC, alleging that Defendant sold him a dump truck with mechanical problems after representing that the truck was in good working condition. *See* Amended Complaint [14].

On December 11, 2023, the Court entered a Case Management Order [9] and set an April 1, 2024, deadline for Plaintiff's expert designations and a July 1, 2024, discovery deadline. On April 11, 2024—after the deadline for Plaintiff's expert designations ran—Plaintiff moved to extend this deadline. *See* Motion [20]. The Court granted the Motion [20], extending the deadline to April 19, 2024. *See* Order [22].

Then, on May 23, 2024, the Court, at Defendant's request, extended the discovery deadline by 90 days to October 24, 2024,[1] and continued the trial of this matter. *See* Order [31].

---

[1] Defendant explained that additional time for discovery was necessary because Plaintiff needed to produce additional documents and Plaintiff's counsel was suffering from health issues. *See* Motion [30].

1

On October 2, 2024, Plaintiff requested an additional 30-day extension of the discovery deadline. *See* Motion [41]. Plaintiff argued that his counsel's "heavy workload" prevented him from obtaining an additional expert report, conducting all necessary depositions, and obtaining tax returns. The Court denied the Motion [41] citing Plaintiff's failure to explain why discovery could not be completed by the October 24, 2024, deadline. *See* Order [45].[2]

On October 24, 2024—the discovery deadline—Plaintiff served his Second Supplemental Initial Disclosures stating, among other things, he *would* provide a supplemental expert report from Bill Brister. *See* [59-1] at 4.

Plaintiff also stated he *would* produce: "Documents to be produced from Housby Online Sales, LLC and House Online Sales Holdings, LLC.[3]" *Id.* Plaintiff explained that "[b]oth of those entities have been given a Subpoena Duces Tecum to produce records and documents related to the Mack truck that is the subject of this lawsuit[, and] Plaintiff will provide these documents to Defendant as soon as they are received." *Id*.

Additionally, Plaintiff added his son, Jaquez Powell, as a witness who may appear and testify at trial. According to Plaintiff, Powell has knowledge concerning the dump truck's condition, the work and costs required to repair it, and Plaintiff's back injury, which he allegedly suffered while attempting to repair the dump truck. *Id*.

On October 25, 2024, Defendant filed the instant Motion [59] requesting that the Court "strike any supplemental expert report Plaintiff may produce in this litigation past the discovery deadline, strike the subpoena issued to Housby Online Sales LLC and [Housby] Online Sales

---

[2] In its Order [45], the Court invited the parties to schedule a conference to address the case schedule. The Court conducted a conference with the parties on October 11, 2024, and determined that the case deadlines should remain as set in Order [31]. *See* October 11, 2024, Minute Entry.

[3] The subpoena identifies this company as "Housby Online Sales Holdings, LLC."

Holdings LLC, strike the testimony of Plaintiff's son, Jacquez Powell, and strike any additional documents or other evidence Plaintiff produces after the October 24, 2024 discovery deadline." *See* Brief [60] at 5.

Plaintiff filed a Response [63] opposing the Motion to Strike [59], Defendant filed a Reply [65], and Plaintiff filed Sur-replies [73] [74]. Additionally, on November 6, 2024, Plaintiff filed of record Bill Brister's supplemental expert report. *See* Attachment [66].

## ANALYSIS

### *Supplemental Expert Report*

Plaintiff identified Bill Brister as one of his expert witnesses on April 19, 2024, the deadline for Plaintiff's expert designation, and served Brister's report, which concerned Plaintiff's economic damages, on April 23, 2024. *See* Notice [23]; Report [59-4]. Plaintiff then provided Brister's supplemental report on November 6, 2024. According to Defendant, the supplemental report should be stricken as untimely.

"A party must make [expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Local Rule 26 provides that a "party must make full and complete disclosures as required by Fed. R. Civ. P. 26(a) and L.U. Civ. R. 26(a)(2)(D) no later than the time specified in the case management order." L.U. Civ. R. 26(a)(2). Plaintiff's expert designation deadline ran on April 19, 2024. *See* Order [22].

Parties, however, must supplement their disclosures when required under Fed. R. Civ. P. 26(e). Pursuant to the Local Rules, "[a] party is under a duty to supplement disclosures at appropriate intervals under Fed. R. Civ. P. 26(e) and in no event later that the discovery deadline established by the case management order." L.U. Civ. R. 26(a)(5).

3

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). To determine whether to exclude evidence which was not properly or timely disclosed, the Court considers the following factors: (1) the explanation for the failure to disclose the evidence; (2) the importance of the evidence; (3) potential prejudice in allowing the evidence; and (4) the availability of a continuance to cure such prejudice. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996); *City of Hattiesburg v. Hercules, Inc.*, 2016 WL 1090610, at *1 (S.D. Miss. Mar. 18, 2016) (citing *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004)).

Plaintiff argues that his failure to timely produce Brister's supplemental report was due to Total Pain Care Clinic's delay in providing medical and billing records. According to Plaintiff, he injured himself while attempting to repair the dump truck, and the records from Total Pain Care Clinic are necessary to provide an accurate report on Plaintiff's total financial damages.

This explanation is perplexing. Brister's initial report addresses damages in the form of repair costs and lost profits. *See* [59-4]. Brister's supplemental report addresses repair costs and lost profits, as well as the value of Plaintiff's labor and interest on the loan for the dump truck. *See* [66]. Neither report addresses Plaintiff's medical treatment or costs arising from that treatment. Accordingly, Plaintiff has failed to provide a reasonable justification for the late supplementation.

Concerning the importance of the supplementation, Plaintiff asserts that it is "vitally important because it concerns a party's monetary damages and allows the Plaintiff to more

4

accurately pursue damages." *See* [64] at 5. It concerns, says Plaintiff, the damages resulting from his inability to use his truck and his medical care.

Plaintiff also points out that it alters the amount of damages Plaintiff is pursuing. Indeed, the initial report states that Plaintiff's lost profits are approximately $109,800.00, while the supplemental report estimates his damages to be $55,548.17.

The supplemental report does not address damages resulting from medical care. And, while the supplemental report alters the damages calculation and provides more specific information, Plaintiff has not shown that it is critically important to his case.

Turning to the factor of prejudice, Defendant would be prejudiced by its inability to conduct discovery on the supplemental report and to use its own supplemental disclosures concerning damages.

A continuance would mitigate the prejudice suffered by Defendant, but the record does not support a continuance. When other factors support exclusion, the Court is not obligated to continue the trial setting. "Otherwise the failure to satisfy the rules would never result in exclusion, but only in a continuance." *Hamburger*, 361 F.3d at 883-48; *see also Geiserman v. MacDonald*, 893 F.2d 787, (5th Cir. 1990) ("Moreover, a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders."). After a discovery period of nearly two years, the parties have been provided an excessive amount of time to prepare their positions. Having considered the appropriate factors, the Court finds that the Motion to Strike [59] should be granted to the extent Defendant seeks the exclusion of Brister's supplemental report.[4]

---

[4] On November 7, 2024, Defendant filed a Motion [69] requesting that the Court exclude Brister's initial report, but the Court makes no ruling on that Motion [69] via this Order.

*Subpoena*

As previously discussed, Plaintiff's Second Supplemental Initial Disclosures, served on the discovery deadline, state that Plaintiff has served a subpoena on Housby Online Sales, LLC and Housby Online Sales Holdings, LLC and will produce documents provided in response to the subpoena. *See* [59-1] at 4. Plaintiff, however, explains in his Response [64] that the subpoena has not yet been served upon the Housby companies. Defendant requests that the Court strike the subpoena as untimely.

Pursuant to Local Rule 26, "discovery requests that seek responses or schedule depositions that would otherwise be answerable after the discovery deadline date are not enforceable except by order of the court for good cause shown." L.U. Civ. R. 26(b)(2). "A party may challenge a subpoena issued to a non-party outside the discovery period, but such a motion will be treated as one for protective order to compel adherence to the discovery deadline." *Politz v. Nationwide Mut. Fire Ins. Co.*, 2009 WL 10676945, at *2 (S.D. Miss. Oct. 9, 2009). Thus, the Court will treat Defendant's request as one for a protective order.

As good cause for allowing him to serve the subpoena after the discovery deadline, Plaintiff asserts that he did not learn of the existence of the Housby companies until October 15, 2024, when Defendant produced documents identifying them. For its part, Defendant asserts that Plaintiff actually learned about the companies during a deposition on October 16, 2024, and more importantly, Plaintiff did not serve any interrogatory or requests for production of documents requesting information about how or from whom Defendant procured the truck.[5]

---

[5] Defendant also notes that Plaintiff did not serve any interrogatories or requests for production of documents.

Plaintiff points out that it requested documents concerning how Defendant acquired the truck in his Notice [46] of deposition of Elliot Fincher. This Notice [46], however, was not served until October 14, 2024, ten days prior to the discovery deadline.

Plaintiff's complaint that he acquired relevant information late in the discovery period does not create good cause to extend the discovery period (for an unknown period of time[6]) when he failed to timely seek such information. Any response to the subject subpoena would come well after the October 24, 2024, discovery deadline, and Plaintiff has failed to establish good cause to allow this untimely discovery. Defendant's motion for protective order should be granted.

***Witness***

On October 24, 2024—the discovery deadline—Plaintiff identified his son, Jaquez Powell, as a witness who may appear and testify at trial. Defendant argues that this disclosure is untimely and should be stricken. Thus, the issue presented is whether the disclosure of a witness on the last day of the discovery period is timely.

Pursuant to Fed. R. Civ. P. 26, "a party must, without awaiting a discovery request, provide to the other parties: (i) the name . . . of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1). If, thereafter, a party discovers that its disclosures are incomplete, the party must supplement its disclosures "in a timely manner." Fed. R. Civ. P. 26(e)(1). Local Rule 26 requires

---

[6] Plaintiff states that he provided the subpoena to a process server on October 30, 2024, and that it has not been served because "complications have arisen." *See* [64] at 7. Plaintiff does not indicate when he expects the subpoena to be served.

7

a party to supplement its disclosure at appropriate intervals and "in no event later than the discovery deadline established by the case management order." L.U. Civ. R. 26(a)(5).

Local Rule 26 further explains that "[c]ounsel must initiate discovery requests and notice or subpoena depositions sufficiently in advance of the discovery deadline date to comply with this rule, and discovery requests that seek responses or schedule depositions that would otherwise be answerable after the discovery deadline date are not enforceable except by order of the court for good cause shown." L.U. Civ. R. 26(b)(2). Reading Fed. R. Civ. P. 26(e) and Local Rule 26 "leads to the inescapable conclusion that parties are obliged to disclose witnesses in sufficient time to permit the witnesses' deposition to be complete before the discovery deadline." *Jindal v. U.S. Dept. of Education*, 2015 WL 2405950, at *2 (M.D. La. May 18, 2015); *see also Carley v. Crest Pumping Techs., LLC*, 2016 WL 8849697, at *7 (W.D. Tex. Aug. 21, 2016).

Plaintiff designated Jaquez Powell as a witness on the discovery deadline, leaving no opportunity for Defendant to depose him prior to the discovery deadline. Thus, the Court finds that this designation is untimely.

Plaintiff may not rely on Jaquez Powell as a witness unless Plaintiff's failure to timely designate him as a witness "was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). To determine whether to exclude this witness, the Court considers: (1) the explanation for the failure to disclose the evidence; (2) the importance of the evidence; (3) potential prejudice in allowing the evidence; and (4) the availability of a continuance to cure such prejudice. *See Sierra Club*, 73 F.3d at 572; *Hamburger*, 361 F.3d at 883.

Plaintiff does not offer an explanation for the failure to timely disclose Jaquez as a witness, and no justification for the delay is apparent from the record.

As for importance, the Court finds that his testimony is not critical. According to Plaintiff, Jaquez "has knowledge of the truck and its condition presently and upon its delivery to Plaintiff, he also has knowledge of the work required to fix the truck, cost of parts and repair, and Plaintiff's back injury and will testify to those things." *See* [59-1] at 4. Other witnesses identified by Plaintiff can provide testimony concerning these topics, including Plaintiff, Victor Willis, Gary Newman, Jason Buie, and Plaintiff's medical providers. *Id* at 1-4.

Concerning prejudice, Plaintiff asserts that his untimely designation of Jaquez is harmless because Defendant "was made aware of him and his knowledge of the truck and the trucking industry during Plaintiff's deposition on September 4, 2024." *See* [64] at 6. The Court is not convinced. During Plaintiff's deposition, he testified that Jaquez drove the truck for business. *See* [64-3]. Plaintiff did not discuss Jaquez's knowledge of the truck's condition at different times, the repairs made to the truck, or Plaintiff's injuries.

Defendant would be prejudiced by its inability to depose Jaquez or otherwise seek information concerning Jaquez's knowledge, and the record does not support a continuance. Having considered the appropriate factors, the Court finds that the Motion to Strike [59] should be granted to the extent Defendant seeks the exclusion of Jaquez Powell's testimony.

*Additional Information*

Defendant also requests that the Court strike any additional documents or other evidence Plaintiff produces after the October 24, 2024, discovery deadline. This request is premature as the Court cannot apply the factors addressed above—such as the importance of the evidence—without the supplemental evidence to consider. Defendant may object if Plaintiff actually attempts to disclose additional information.

IT IS, THEREFORE, ORDERED that:

1. Defendant's Motion to Strike [59] is GRANTED in part and DENIED in part as set forth herein; and

2. If Plaintiff has served its subpoena on Housby Online Sales, LLC and/or Housby Online Sales Holdings, LLC, Plaintiff shall immediately provide a copy of this Order to the company or companies.

SO ORDERED this the 13th day of November, 2024.

                                                                                 s/Michael T. Parker
                                                                                 UNITED STATES MAGISTRATE JUDGE